UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTOR ARIZA,

    Plaintiff,

vs.                                        CASE NO. 6:24-cv-02252-RBD-RMN

THE DONNA KARAN COMPANY
STORE LLC, d/b/a DKNY, a foreign
limited liability company,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO COMPLAINT WITH INCORPORATED SUPPORTING MEMORANDUM OF LAW**

Defendant THE DONNA KARAN COMPANY STORE LLC, d/b/a DKNY, hereby moves this honorable Court for a 30-day extension of time until February 5, 2025, for Defendant to respond to Plaintiff's Complaint.[1] In support of this Motion, Defendant states as follows:

1.    On December 11, 2024, Plaintiff filed the Complaint [ECF No. 1] seeking declaratory, injunctive, and other relief under Title III of the Americans with Disabilities Act ("ADA")

2.    Defendant was served with the Complaint and Summons on

---

[1] Counsel for Defendant conferred with Plaintiff's Counsel, who does not oppose this request.

December 16, 2024 [ECF No. 6], making Defendant's response to the Complaint due by January 6, 2025.

3. On January 3, 2024, shortly after Defendant's Counsel, BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP, was retained, Counsel for Defendant contacted Counsel for Plaintiff to discuss this matter. After discussing the case, Plaintiff's Counsel agreed to a 30-day extension of time for Defendant to respond to the Complaint.  As a courtesy to Defendant's Counsel, Plaintiff's Counsel filed an Agreed Motion for Extension of Time for Defendant to Respond to Complaint with Incorporated Supporting Memorandum of Law [ECF No.10].

4. On January 6, 2025, this Court entered an Endorsed Order denying, without prejudice, the request to extend Defendant's Time to Respond, due to the fact that Defendant did not enter an appearance prior to Plaintiff's Counsel filing the Agreed Motion [ECF No. 11].  After reviewing this Court's entry, Defendant entered an appearance on the docket, and now brings its renewed request.

5. As stated in the prior Agreed Motion [ECF No. 10], an extension is necessary and will promote judicial economy for the following reasons: Defendant's Counsel was just recently retained and requires additional time to discuss and analyze the technical issues raised in the Complaint to formulate its defenses.  In addition, the parties have commenced early settlement discussions and believe that the requested extension would facilitate these discussions.

Accordingly, there is good cause for a 30-day extension of time until February 5, 2025, for Defendant to respond to the Complaint.

6.  Pursuant to Federal Rule of Civil Procedure 4(b)(1)(A), the Court "may, for good cause shown, extend the time" for an act to occur – in this case, the time for Defendant to respond to the Complaint – "with or without motion or notice if the [C]ourt acts, or if a request is made, before the original time … expires." Granting the extension of time prior to the due date is left to the Court's exercise of its sound discretion. *Ritter v. Smith,* 811 F.2d 1398, 1403 (11th Cir. 1987) ("Fed.R.Civ.P. 6(b)(1) gives the district court discretion to enlarge time periods if done prior to the expiration of the original time period."). Here, the time for Defendant has not expired and good cause has been shown, as set forth in the preceding paragraph, for the Court to extend the time for Defendant to formally respond to the Complaint.

7.  This Motion is being filed in good faith and not for purposes of delay, and neither the parties nor the Court will be prejudiced should the Court grant Defendant's requested extension.

8.  Defendant's undersigned Counsel, pursuant to Middle District Local Rule 3.01(g), certifies they have conferred in good faith with Plaintiff through Plaintiff's Counsel of record and that they have agreed to the relief being sought herein.

WHEREFORE, Defendant respectfully requests that this Motion be granted, and that Defendant be given until February 5, 2025, to respond to the Complaint.

Respectfully submitted,

**NICHOLAS J. SECCO**
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF, LLP
71 South Wacker, Suite 1600
Chicago, IL 60606

By   */s/ Nicholas J. Secco*
    NICHOLAS J. SECCO
    Fla. Bar No. 110091

### CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By   */s/ Nicholas J. Secco*
    NICHOLAS J. SECCO
    Fla. Bar No. 110091

### Service List

| | |
|---|---|
| Roderick V. Hannah, Esq. | Pelayo M. Duran, Esq. |
| **RODERICK V. HANNAH, ESQ., P.A.** | **LAW OFFICE OF PELAYO** |
| Counsel for Plaintiff | **DURAN, P.A.** |

4

4800 N. Hiatus Road
Sunrise, FL 33351
T. 954/362-3800
954/362-3779 (Facsimile)
Email: rhannah@rhannahlaw.com
(*via CM/ECF*)

Co-Counsel for Plaintiff
6355 N.W. 36th Street, Suite 307
Virginia Gardens, FL 33166
T. 305/266-9780
305/269-8311 (Facsimile)
Email: pduran@pelayoduran.com
(*via CM/ECF*)